IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-01675-REB

EFRAIN CARDENAS TAFOYA,

    Petitioner,

v.

JANET NAPOLITANO, Secretary of Homeland Security,
HILLARY CLINTON, Secretary, U.S. Department of State,
CHARLES GILKEY, Warden, GEO Detention Facility in Aurora, CO, and
JOHN LONGSHORE, Director of Immigration & Customs Enforcement,

    Respondents.

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the **Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory, Remedial, and Injunctive Relief** ("Petition") [#1][1] filed on July 14, 2010, by Petitioner Efrain Cardenas Tafoya, who is represented by counsel. Respondents filed a **Motion to Dismiss Petition for Habeas Corpus** ("Motion to Dismiss") [#10]. Petitioner filed a **Response to Respondents' Motion To Dismiss Petition for Writ of Habeas Corpus** ("Response") [#11]. Respondents then filed a **Waiver of Reply to Petitioner's Response to Motion to Dismiss Petition for Writ of Habeas Corpus** [#12].

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

After reviewing the pertinent portions of the record in this case, including the Petition, the Motion to Dismiss, and the Response, I conclude that the Motion to Dismiss should be granted and that the Petition should be dismissed.

## I.  BACKGROUND

Petitioner Efrain Cardenas Tafoya is a native and citizen of Mexico who entered the United States on October 21, 1988, as a Lawfully Admitted Permanent Resident, based upon a petition filed by his father, Benjamin Cardenas.  Motion to Dismiss Ex. A-2. On March 16, 2004, after an investigation into the citizenship of Petitioner's father by the Bureau of Citizenship and Naturalization Services, the United States Department of State posthumously revoked the United States passport of Benjamin Cardenas because the passport had been issued illegally on the basis of his false sworn statement that he was a U.S. citizen.  *Id.* Ex. A-3.

On April 5, 2005, Petitioner was convicted of Conspiracy to Distribute a Controlled Substance in the District Court of Logan County, Colorado, for which he was sentenced to imprisonment for a term of seven years.  *Id.* Ex. A-4.  On his release from custody, on or about April 29, 2010, Immigration and Customs Enforcement ("ICE") placed Petitioner in mandatory detention in Aurora, Colorado.  Petition at 1-2.  Petitioner was charged as being removable from the United States under 8 U.S.C. § 1101(a)(43)(B) based on his conviction of an offense relating to the illicit trafficking in a controlled substance, and on May 27, 2010, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Mexico.  Motion to Dismiss Exs. A-5, A-6.  On July 9, 2010, Petitioner's motion to reopen his immigration proceedings was denied based on the finding by the IJ that

"respondent has not made out a colorable claim to United States citizenship." *Id.* Ex. A-7. Thereafter, Petitioner was served on July 13, 2010, with a Warrant of Removal/Deportation. *Id.* Ex. A-1 Attachment A, Ex. A-7. Petitioner did not appeal the order of removal. *Id.* Ex. A-1 ¶ 5. Petitioner filed the present Petition under 28 U.S.C. § 2241 on July 14, 2010. He was deported to Mexico the same day. *Id.* Ex. A-1 ¶ 6.

Petitioner appealed the IJ's denial of his motion to reopen to the Board of Immigration Appeals ("BIA") on August 11, 2010. Response Ex. B-1. The BIA dismissed the appeal based on lack of jurisdiction due to its untimeliness, and also because Petitioner had been removed from the United States before filing the appeal. *Id.* Ex. B-2. The BIA noted separately that Petitioner's evidence submitted in support of his citizenship claim was "insufficient to warrant reopening for the reasons set forth by the [IJ]." *Id.*

Petitioner thereafter filed a Petition for Review in the United States Court of Appeals for the Tenth Circuit in which he argued the merits of his claims but did not address the jurisdictional bases for the BIA's dismissal of his appeal. *Id.* Ex. B-3; **see also *Cardenas-Tafoya v. Holder***, No. 10-9568, slip op. (10th Cir. May 24, 2011) [#13-1]. The Court of Appeals denied the Petition for Review on May 24, 2011, on the ground that Petitioner had forfeited his right to appellate review of the jurisdictional bases for the BIA's dismissal by not contesting them. ***Cardenas-Tafoya***, No. 10-9568, slip op. Petitioner has informed this court that he will not be requesting an *en banc* rehearing in the Tenth Circuit Court of Appeals. **See** Notice of Decision from Tenth Circuit Court of Appeals in Petitioner's "Petition for Review" [#13].

## II.  DISCUSSION

The present Petition alleges that Respondents' detention and removal of Petitioner and the rescission of Petitioner's father's passport were "*ultra vires* and in violation of law."  Petition at 5.  Petitioner asserts that this court has subject matter jurisdiction over his claims pursuant to 28 U.S.C. § 2241; the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"); the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; and the All Writs Act, 28 U.S.C. § 1651.  Respondents move to dismiss the Petition pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), "shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review."  **Hem v. Maurer**, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).  Congress added a new provision codified at 8 U.S.C. § 1252(a)(5), which provides that

> a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[2] For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28 or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

---

[2] 8 U.S.C. § 1252(e), which pertains to judicial review of orders under 8 U.S.C. § 1225(b)(1), does not apply here.

Section 1252(a)(5) "makes a petition for review to an appellate court the sole means of review of an order of removal issued under the [Immigration and Nationality Act], and specifically excludes review under the habeas statutes." *Id.* Thus, the only means by which Petitioner was able to challenge the May 27, 2010, removal order was in a petition for review to the Tenth Circuit Court of Appeals. He did file such a petition, and it was denied. This court lacks subject matter jurisdiction to review the removal order.

In addition to asserting that this court may review the removal order in a 28 U.S.C. § 2241 habeas petition, Petitioner asserts that the court may grant relief pursuant to the APA, the Declaratory Judgment Act, and the All Writs Act. However, the APA "does not confer independent jurisdiction for the review of agency actions." **Hamilton v. Gonzales**, 485 F.3d 564, 568 (10th Cir. 2007) (quoting **Fostvedt v. United States**, 978 F.2d 1201, 1203 (10th Cir. 1992)). "Rather, a party seeking APA review in federal court must identify a jurisdictional grant from either the enabling statute or one of the general jurisdiction provisions under Title 28 of the United States Code." *Id.* Again, 8 U.S.C. § 1252(a)(5) specifically *precludes* district court jurisdiction over Petitioner's challenge to the removal order. Accordingly, relief is not available under the APA. **See Mata v. Secretary of Department of Homeland Security**, 2011 WL 1743949, *2 (11th Cir. May 6, 2011) (APA cannot provide a basis for district court subject matter jurisdiction over challenge to a removal order because 8 U.S.C. § 1252 bars review of removal orders in district court). Additionally, the Declaratory Judgment Act does not itself confer subject matter jurisdiction, but instead provides only a procedural remedy. **Skelly Oil Co. v. Phillips**

*Petroleum Co.*, 339 U.S. 667, 671-72 (1950).  Finally, the All Writs Act also cannot apply unless the court otherwise has subject matter jurisdiction over the claim.  **See United States v. Denedo**, __ U.S. __, 129 S. Ct. 2213, 2221 (2009).

Petitioner notes that the legislative history of the REAL ID Act provides that the Act "will not preclude habeas review over challenges to detention that are independent of challenges to removal orders."  H.R.Rep. No. 109-72, 175, 2005 U.S.C.C.A.N. 140 (May 3, 2005).  However, any challenge to Petitioner's detention is moot, as Petitioner is no longer being detained by the United States, and none of the four exceptions to the mootness doctrine set forth in *Riley v. I.N.S.*, 310 F.3d 1253 (10th Cir. 2002), applies.  Specifically, first, there are no collateral consequences flowing from Petitioner's detention, as opposed to the removal order itself.  **See id.** at 1257; **see also Ferry v. Gonzales**, 457 F.3d 1117, 1132 (10th Cir. 2006) (inability to return to the United States is a consequence of the removal order, not the detention).  Second, Petitioner's prior detention is not "capable of repetition, yet evading review."  **See Riley**, 310 F.3d at 1257.  As Respondents have pointed out, Petitioner can avoid further detention by seeking a certificate of citizenship through United States Citizenship and Immigration Services, or applying for a passport from the United States Department of State, or seeking a visa to lawfully enter the United States.  Third, the exception for "voluntary cessation," which applies where the conduct complained of has terminated but could recur, *see Picrin-Peron v. Rison,* 930 F.2d 773, 779 (9th Cir. 1991), does not apply here.  Petitioner has been deported to Mexico, and, thus, the United States Department of State no longer has

jurisdiction to detain him. Finally, the fourth exception does not apply because Petitioner is not a certified member of a class-action lawsuit. ***See Riley***, 310 F.3d at 1257. Accordingly, Petitioner's habeas claim challenging his detention is properly dismissed as moot.

Although Petitioner concedes in his Response brief that he "does not have standing to challenge the rescission of his father's U.S. Passport by the U.S. Department of State," Response at 11, he argues that he nonetheless may assert a claim to derivative U.S. citizenship in this action. However, under 8 U.S.C. § 1252(b)(5),[3] jurisdiction to review a citizenship claim in the context of removal proceedings is vested exclusively in the United States Court of Appeals. ***See Iasu v. Smith***, 511 F.3d 881, 887-88 (9th Cir. 2007) (holding that the district court "plainly lacked habeas jurisdiction" after the REAL ID Act to determine citizenship claim, which was asserted as a challenge to removal).

Finally, while Petitioner claims that he should be paroled back into the United States, this court lacks jurisdiction to review discretionary decisions by the Attorney General such as whether to parole an alien into the United States. ***See*** 8 U.S.C.

---

[3] 8 U.S.C. § 1252(b)(5)(A) provides:

> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

8 U.S.C. § 1252(b)(5)(B) provides that if the court of appeals "finds that a genuine issue of material fact about the petitioner's nationality is presented," the court shall transfer the action to the district court for a hearing and decision. Under 8 U.S.C. § 1252(b)(5)(C), "[t]he petitioner may have such nationality claim decided only as provided in this paragraph."

§ 1252(a)(2)(B)(ii); *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010) (judicial review of discretionary determination by the Attorney General or the Department of Homeland Security is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(ii)); *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) ("[T]he Attorney General's decision to grant or revoke parole is squarely within the ambit of § 1252(a)(2)(B)(ii).").

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Respondents' Motion to Dismiss Petition for Habeas Corpus** [#10] filed on October 26, 2010, is **GRANTED**;

2. That the **Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory, Remedial, and Injunctive Relief** [#1] filed on July 14, 2010, by Petitioner Efrain Cardenas Tafoya is **DISMISSED**; and

3. That this case is **DISMISSED WITH PREJUDICE**.

Dated July 8, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge